IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ACCREDITED SURETY AND CASUALTY COMPANY, INC.,**<br>Plaintiff, | CIVIL ACTION |
| v. | |
| **SUPERIOR SOLAR DESIGN, LLC, DOUGLAS DAVIS, AND TONYA DAVIS,**<br>Defendants. | NO. 23-1865 |

## MEMORANDUM OPINION

Plaintiff Accredited Surety and Casualty Company, Inc. ("Accredited"), a business that issues surety bonds for construction contractors, issued bonds with respect to a project Defendants—Superior Solar Design, LLC, Douglas Davis, and Tonya Davis (the "Defendants")—undertook to deliver a renewable energy system to third-party Defendant Naceville Materials, JV (t/d/b/a Belvidere Sand and Gravel) ("Naceville Materials").

When Superior Solar Design failed to perform under its construction contract with Naceville Materials, Naceville Materials made demand under the bonds issued by Accredited for performance and completion of the project. Accredited and Naceville Materials subsequently entered into a settlement agreement. Now, Accredited seeks to recover from Defendants losses sustained in connection with Naceville Materials's claim on the basis of a general indemnity agreement ("GAI") Accredited entered into with Defendants prior to the construction project. Accredited brings claims for breach of contract with respect to the GAI, unjust enrichment, and common law indemnification. In response, Defendants have brought a counterclaim for breach of contract against Accredited, claiming that it breached various provisions of the GAI. Accredited moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Defendants' counterclaim.

1

A motion to dismiss must be denied where contract provisions are ambiguous because ambiguous terms are interpreted by the finder of fact.  *See Ram Const. Co. v. Am. States Ins. Co.*, 749 F.2d 1049, 1052 (3d Cir. 1984); *IKB Int'l S.A. v. Wilmington Tr. Co.*, 774 F. App'x 719, 724 (3d Cir. 2019); *Pure Earth, Inc. v. Call*, 2010 WL 11710570, at *5 n.5 (E.D. Pa. May 27, 2010); *Smokowicz v. Graphic Packaging Int'l, Inc.*, 2017 WL 2362409, at *4 (E.D. Pa. May 30, 2017); *see also Britton v. Whittmanhart, Inc.*, 2009 WL 2487410, at *6 (E.D. Pa. Aug. 13, 2009) (denying motion to dismiss breach of contract claim in light of "potential ambiguity" and in lack of a more developed record).

Sole Discretion to Settle:  Accredited first argues that the GAI provides Accredited with sole discretion to settle claims and, thus, Accredited cannot be held in breach for settling Naceville Materials's claim for the agreed-upon amount without consulting Defendants.  It points to a provision in the GAI under the heading "Indemnity" stating that Accredited (as "Surety"), in furtherance of the indemnity provided for in that section, "shall have the right in its sole discretion to determine whether any claims shall be paid, compromised, defended, prosecuted or appealed."  In response, Defendants point to a different section in the GAI, under the heading "Settlements," which states that Accredited "shall have the right to adjust, settle or compromise any claim, demand, suit or judgment upon the Bonds, unless the Contractor [Superior Solar Design] and Indemnitors [the Defendants] shall request the Surety to litigate such claim or demand, or to defend such suit, or to appeal from such judgment. . . ."  On this basis, Defendants argue that the GAI does not give Accredited sole authority to settle without first consulting Defendants and providing an opportunity for Defendants to make such a request.

These two provisions create an ambiguity with respect to whether Accredited has the sole authority to settle claims or must first consult with Superior Solar Design.  Dismissal of

Defendants' counterclaim is accordingly not warranted on this ground.

Duty to Investigate: Superior Solar Design's counterclaim is also premised on its contention that Accredited failed to properly investigate Naceville Materials's claim or the accuracy of the amount alleged in the claim.  Accredited argues that there are no provisions in the GAI requiring it to investigate claims, pointing to a provision under the heading "Indemnity" stating that Accredited "shall have the right to incur such expenses in handling a claim as it shall deem necessary, including but not limited to the expense for investigative, accounting, engineering and legal services."  But this language does not clearly state that Accredited does not have a duty to investigate claims (merely providing that it has the right to incur expenses, which might include investigative expenses), leaving it ambiguous as to whether Accredited does in fact have such a duty under the terms of the GAI.  While Defendants argue further that a duty to investigate arises by implication under the GAI in light of language in the payment bond issued by Accredited, in light of the unclear language of the GAI, dismissal is not warranted on this ground.

Waiver of Notice of Settlement:  Superior Solar Design also alleges in its counterclaim that in breach of contract Accredited failed to inform or otherwise notify it of the negotiations and settlement of Naceville Materials's claim.  Accredited argues that Defendants waived any right to notice of the settlement, pointing to a provision in the GAI stating:

> The Indemnitors hereby waive notice of the execution of said Bonds . . . and of the acceptance of this Agreement, and the Contractor [Superior Solar Design] and Indemnitors [Defendants] hereby waive all notice of any default, or any other act or acts giving rise to any claim under said Bonds, as well as any notice of any and all liability of the Surety [Accredited] under said Bonds, and any and all liability on their part hereunder, to the end and effect that, the Contractor and Indemnitors shall be and continue to be liable hereunder, notwithstanding any notice of any kind to which they might have been or be entitled, and notwithstanding any defenses they might have been entitled to make.

This provision appears under the heading "Notice of Execution," which concerns

execution of the bonds, and it does not clearly state that any notice of waiver applies with respect to settlements reached regarding such claims. At this stage, and without further cogent argument on the issue, it is unclear whether there has been any waiver of a notice requirement with regards to settlement of claims upon the bonds. Accordingly, dismissal is not warranted on this ground either.

BY THE COURT:

/S/Wendy Beetlestone, J.
_____
**WENDY BEETLESTONE, J.**