**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ACCREDITED SURETY AND CASUALTY COMPANY, INC.,** **Plaintiff/Counter Defendant,** | **CIVIL ACTION** |
| **v.** | **NO. 23-1865** |
| **SUPERIOR SOLAR DESIGN, LLC, DOUGLAS DAVIS, and TONYA DAVIS,** **Defendants/Counter Claimants.** | |
| **SUPERIOR SOLAR DESIGN, LLC, DOUGLAS DAVIS, and TONYA DAVIS,** **Third-Party Plaintiffs,** | |
| **v.** | |
| **NACEVILLE MATERIAL, JV T/D/B/A BELVIDERE SAND AND GRAVEL,** **Third-Party Defendant.** | |

**<u>MEMORANDUM OPINION</u>**

This is an action by Plaintiff Accredited Surety and Casualty Company, Inc.
("Accredited") to recover payments made on behalf of Defendants Superior Solar Design, LLC,
Douglas Davis, and Tonya Davis (collectively, "Superior Solar").  Accredited issues surety
bonds for construction contractors, and it issued bonds with respect to a solar energy project that
Superior Solar was hired to perform on behalf of Naceville Material, JV (t/d/b/a Belvidere Sand
and Gravel) ("Naceville").  After the project fell through, Accredited made payments to

Naceville pursuant to these bonds, and it now seeks to recover its losses from Superior Solar. Superior Solar, in turn, has impled Naceville, seeking damages on a theory of unjust enrichment. Presently pending is Naceville's motion to dismiss Superior Solar's Amended Joinder Complaint. Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Naceville's motion will be granted.[1]

A motion to dismiss a third-party complaint is analyzed under the same standard as an ordinary Rule 12(b)(6) motion to dismiss. *Gap Properties, LLC v. Cairo*, 2021 WL 5757410, at *2 (D.N.J. Dec. 3, 2021). To survive under this standard, a third-party complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When analyzing a motion to dismiss, the third-party complaint must be construed "in the light most favorable to the plaintiff," with the question being "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Legal conclusions are disregarded, well-pleaded facts are taken as true, and a determination is made as to whether those facts state a "plausible claim for relief." *Id.* at 210-11.

As recounted by the Amended Joinder Complaint, Superior Solar signed a contract with Naceville to construct a solar electric power system, and that contract required Superior Solar to

---

[1] The Court will further grant Naceville's motion to strike Superior Solar's surreply, which was filed without obtaining the required "prior permission of the Court upon good cause shown." J. Beetlestone Pols. & Procs., Civil Cases, Rule IV-A (Jan. 2023 rev.).

obtain performance and payment bonds "each in an amount equal to one hundred percent of the contract amount." About a year later, Naceville declared Superior Solar in default of the construction contract and made a demand on Accredited pursuant to the performance bond. Accredited eventually did so, and it subsequently brought a lawsuit against Superior Solar to recoup that payment. In the course of defending itself against this suit, Superior Solar filed a counterclaim against Accredited, alleging (among other things) that the insurer was required to obtain its consent before paying Naceville's claim. It also filed a third-party complaint against Naceville—the subject of this motion to dismiss—alleging that because Naceville was not entitled to payment pursuant to the payment bond, its receipt of that money constituted unjust enrichment.

Naceville's motion raises two challenges to Superior Solar's third-party complaint: one procedural, and one substantive. Procedurally, Naceville argues that Superior Solar improperly purports to implead it pursuant to Rule 20(a)(2), which authorizes plaintiffs to join additional defendants when "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(B). Because Superior Solar is the defendant in this action, Naceville argues, Rule 14, rather than Rule 20, is the proper mechanism for impleading it as a third party, and it offers various argument as to why joinder under Rule 14 would likewise be improper. But Superior Solar counters that it is not merely the defendant in this litigation. As noted, it has also filed a counterclaim against Accredited, pursuant to Fed. R. Civ. P. 13, and it thus argues that it is entitled to join additional defendants—including Naceville—to that counterclaim pursuant to Rule 20. Assuming without deciding that this is correct, Naceville's motion will nonetheless be granted, as the Amended Joinder Complaint fails

to state a claim for which relief may be granted.

To state a claim for unjust enrichment under Pennsylvania law,[2] a party must plead facts sufficient to plausibly allege: 1) "benefits conferred on one party by another"; 2) "appreciation of such benefits by the recipient"; and, 3) "acceptance and retention of these benefits under such circumstances that it would be inequitable [or unjust] for the recipient to retain the benefits without payment of value." *Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429, 447 (3d Cir. 2000) (quoting 16 Summary of Pa.Jur.2d *Commercial Law* § 2.2 (1994)).  At its core, this remedy "sounds in restitution," and so a claim for unjust enrichment requires a showing "that the party against whom recovery is sought either wrongfully secured or passively received a benefit that would be unconscionable for the party to retain without compensating the provider." *Hershey Food Corp. v. Ralph Chapek, Inc.*, 828 F.2d 989, 999 (3d Cir. 1987).

As discussed, the crux of the third-party complaint is that the performance bond was a benefit conferred on Naceville, that Naceville appreciated this benefit when it made a claim for payment pursuant to that bond, and that because Naceville was not entitled to make a claim for payment, its receipt of this money was unjust.  As a theory of liability, these allegations are fatally flawed.  Because unjust enrichment is based on a theory of quasi-contract, "the doctrine does not apply where a written or express contract exists." *Whitaker v. Herr Foods, Inc.*, 198 F.Supp.3d 476, 493 (E.D. Pa. 2016).  That is the case here; as Naceville points out, Superior Solar obtained the performance bond pursuant to its construction contract.  And while Superior Solar argues that its claim relates to the payments made pursuant to the bond, not the acquisition

---

[2] It is not entirely clear that Pennsylvania's substantive law should govern this dispute, as while Superior Solar is a Pennsylvania entity, Accredited is based in Florida, and this case involves surety bonds issued in relation to a New Jersey construction project.  But Naceville's motion to dismiss invokes Pennsylvania law, and Superior Solar waived any objection to this choice by failing to argue for a different state's laws in its response. *See Neely v. Club Med Mgmt. Servs., Inc.*, 63 F.3d 166, 180 (3d Cir. 1995) (en banc) ("[C]hoice of law issues may be waived.").

of the bond, a surety bond itself is a tri-party contractual agreement "between the party secured, the principal obligor, and the surety." *Upper Pottsgrove Twp. v. Int'l Fidelity Ins. Co.*, 976 F.Supp.2d 598, 603 (E.D. Pa. 2013). To be clear, "there exist fundamental differences between bilateral contracts of insurance and tripartite surety bond agreements," and "suretyship is not insurance." *Id.* (quoting *Foster v. Mut. Fire, Marine, & Inland Ins. Co.*, 614 A.2d 1086, 1099 (Pa. 1992)). But at base, "a surety agreement is a contract" that establishes "the extent of the surety's rights and liabilities." *Citicorp N. Am., Inc. v. Thornton*, 707 A.2d 536, 538 (Pa. Super. 1998). And so Naceville's receipt of money paid out pursuant to that agreement is not an extra-contractual benefit subject to an unjust enrichment claim

Superior Solar further claims that it "is now incurring substantial legal fees and costs to defend Accredited's indemnity action, which would not exist but for Naceville's improper claim and Accredited's unilateral decision to make payment on an improper claim." But it offers no explanation for why costs and fees stemming from litigation with a third-party constitute an unjust enrichment by Naceville, nor does it point to any statute, case, or court rule authorizing an unjust enrichment claim to recover this sort of legal expenses. *See Morgen & Oswood Constr. Co., Inc. v. Nationwide Life Ins. Co.*, 2022 WL 3042764, at *7 (E.D. Pa. Aug. 1, 2022) ("In making an argument, [] a party must 'offer some argument or development of its theory', 'cite relevant precedents' and 'frame the issues for decision.'" (quoting *United States v. Dupree*, 617 F.3d 724, 728 (3d Cir. 2010)).

An appropriate order follows.

**BY THE COURT:**

*/s/ Wendy Beetlestone*

**WENDY BEETLESTONE, J.**
